UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Darek Lathan,

   Plaintiff,

  v.

United States of America, *et al.*,

   Defendants.

Case No. 3:18 CV 2115

JUDGE JAMES G. CARR

<u>OPINION AND ORDER</u>

  *Pro se* Plaintiff Darek Lathan filed the above-captioned action in the Lucas County Court of Common Pleas against the United States, the United States Bureau of Alcohol, Tobacco and Firearms ("ATF"), ATF Agent Steve Doe, ATF Supervisor John Doe, the State of Ohio, the Ohio Adult Parole Authority ("OAPA"), OAPA Officer Marc Thompson, OAPA Officer Jamie Murphy, and OAPA Officer Doug Linker.

  Plaintiff alleges he is improperly incarcerated for a post release control violation and is further detained on pending federal charges. He asserts claims for cruel and unusual punishment under the Eighth Amendment, and denial of due process under the Fourteenth Amendment. In addition, he asserts state tort law claims for "wanton misconduct, reckless disregard for safety, intentional infliction of mental distress, intentional tort, false imprisonment, nonfeasance, ... [and] legal malice." (Doc. No. 1-2 at Page ID#: 17).

  He seeks monetary damages and termination of his remaining post release control sentence.

The United States removed the action to Federal Court and filed a Motion to Dismiss (Doc. No. 8). The Ohio Defendants also filed a Motion to Dismiss (Doc. No. 5). Plaintiff opposes both Motions (Doc Nos. 7 and 9). For the reasons stated below, the Motions to Dismiss (Doc. Nos. 5 and 8) are granted and this action is dismissed.

## I. Background

Plaintiff was arrested on November 17, 2017. Law enforcement officers executed a warrant on a house where he was babysitting. Plaintiff alleges the home's owner was asleep in an adjoining room. A firearm and ammunition were found on a table in close proximity to the Plaintiff.

Plaintiff, who was serving the post release control portion of a prior state sentence, was arrested and detained at the Lucas County Corrections Center. Plaintiff was questioned by the Federal Bureau of Investigation ("FBI") concerning the firearm and ammunition. Plaintiff indicates he explained why he could not be charged for possessing the firearm.

Plaintiff notified OAPA Officers Marc Thompson, and Jamie Murphy of his arrest and asked them to resolve the matter prior to his first court date on November 20, 2017. In response, Thompson placed a post release control violation detainer on him. Thompson visited Plaintiff in jail on January 19, 2018 and served him with notice of a post release control violation hearing on February 7, 2018. Plaintiff objected to the timing of the hearing, saying he had been available for the hearing since his arrest in November. At the hearing, Plaintiff was found to be in violation of the terms of his post release control, and was sentenced to 180 days incarceration with credit for time served.

On February 7, 2018, prior to his release from state custody, the United States indicted Plaintiff in this federal court for being a felon in possession of a firearm and a felon in possession

of ammunition in violation of 18 U.S.C. § 922(g)(1). This Court issued an Order of Detention on February 15, 2018. Plaintiff remains in federal custody pending a competency hearing.

It is difficult to determine the exact nature of Plaintiff's claims from his Complaint, though it appears he is alleging two types of wrongful behavior by the Defendants.

First, it appears he is claiming to be factually or legally innocent of the firearm charges, and he contends the Defendants violated his Eighth and Fourteenth Amendment rights by arresting him, charging him with post release control violations, and prosecuting him on federal charges.

Second, it appears he is contending that the Defendants have exculpatory evidence they are withholding from him. He does not identify what this evidence is. He asserts state law tort claims for "wanton misconduct, reckless disregard for safety, intentional infliction of mental distress, intention tort, false imprisonment, nonfeasance, ... [and] legal malice." (Doc. No. 1-2 at Page ID#: 17).

## II. Standard of Review

When deciding a Motion to Dismiss under Federal Civil Rule 12(b)(6), the function of the Court is to test the legal sufficiency of the Complaint. *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993).

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

The complaint must contain a "short and plain statement of the claim showing that the

pleader is entitled to relief." *Iqbal*, 556 U.S. at 677-78. The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555.

The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A complaint that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this standard. *Id.*

### III. Analysis

As an initial matter, Plaintiff's allegations never rise above the speculative level. He provides information concerning his arrest, but he does not allege any specific wrong-doing by the Defendants. The Court is left to guess at the actions the Defendants allegedly took that support Plaintiff's claims of constitutional and state tort law violations.

In short, his claims are stated as legal conclusions, unsupported by sufficient factual allegations. Legal conclusions alone do not state a claim upon which relief may be granted.

### Claims against the United States, ATF, and federal agents

Furthermore, Plaintiff cannot bring a *Bivens* claim against the United States, its agencies, or its employees sued in their official capacities for denial of his constitutional rights.

The United States, as a sovereign, is immune from suit unless it explicitly waives its immunity. *United States v. Sherwood*, 312 U.S. 584, 590-91 (1941). In most cases, Congress defines the exact terms and conditions upon which the United States, its agencies, and its employees may be sued. The terms of the consent define the parameters of federal court jurisdiction to entertain suits brought against the United States government. *United States v. Orleans*, 425 U.S. 807, 814

(1976); *Honda v. Clark*, 386 U.S. 484, 501 (1967).

The United States has not consented to suit in a *Bivens* action. *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994); *Okoro v. Scibana*, No. 02-1439, 2003 WL 1795860 at * 1 (6th Cir. April 1, 2003) (stating that a federal prisoner can not bring a *Bivens* action against the Bureau of Prisons).

In addition, Plaintiff cannot bring his claims under *Bivens* against the agents in their individual capacities.

In 1971, the Supreme Court recognized an implied damages action to compensate persons injured by federal officers who violated the Fourth Amendment's prohibition against unreasonable searches and seizures. *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). Since then, the Supreme Court allowed *Bivens* remedies in only two other contexts: (1) in a Fifth Amendment gender-discrimination case, *Davis v. Passman*, 442 U.S. 228 (1979); and (2) in a failure to provide medical treatment Eighth Amendment case, *Carlson v. Green*, 446 U.S. 14 (1980).

The Court has not approved of an implied damages remedy under the Constitution itself. *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1855 (2017).

More recently, the Supreme Court declared that federal courts should refrain from extending *Bivens* outside of the three specific contexts in which it has already been applied. *Id*. (stating that Congress provided a specific damages remedy for Plaintiffs whose constitutional rights were violated by state officials through 42 U.S.C. § 1983, but did not provide a corresponding remedy for constitutional violations by federal officials).

Here, Plaintiff's constitutional claims do not fit within the specific contexts already recognized for *Bivens* claims. His Eighth Amendment claim appears to arise from the very fact of

his arrest, and his due process claim appears to arise from the alleged withholding of unspecified exculpatory evidence. Moreover, Plaintiff has the opportunity to raise these claims in the course of his criminal case. This Court will not imply a cause of action under *Bivens* in this situation.

Plaintiff's state law tort claims can only be brought against federal government Defendants through the Federal Tort Claims Act ("FTCA"). The FTCA provides the exclusive jurisdictional basis for tort claims against the United States and its employees for actions committed in the scope of their employment. Claims under the FTCA can only be asserted against the United States, not individual government agents.

The United States' consent to suit under the FTCA, however, is limited to those in which the tort claims were "presented in writing to the appropriate federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). The timely filing of an administrative claim is a requirement of the FTCA. If the administrative requirements of the FTCA have not been fulfilled, the case must be dismissed. *Dolan v. U.S.*, 514 F.3d 587, 593 (6th Cir. 2008).

Plaintiff has not demonstrated that he presented his tort claims to the ATF to exhaust his administrative remedies prior to filing suit. Those claims must be dismissed.[1]

### Claims against the State of Ohio, the OAPA, and state parole officers

Plaintiff's claims under the Eighth Amendment and the Fourteenth Amendment against the State of Ohio, its agency (the OAPA), and its employees also must be dismissed.

First, the Eleventh Amendment is an absolute bar to the imposition of liability upon states,

---

[1] In his motion to dismiss, plaintiff contends that he filled out a federal form 95, which initiates the claims process under the FTCA, and gave it to his attorney in the pending criminal case. (Doc. 9 at 2–4). However, plaintiff does not say whether that form has since been filed with the ATF, let alone that the agency has issued a final denial of his claim.

state agencies, and state employees and officers sued in their official capacities. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005); *Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985). Plaintiff can bring claims against the officers in their individual capacities without running afoul of the Eleventh Amendment; however, he must allege sufficient facts to demonstrate the each individual was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995).

Here, Plaintiff believes he should not have been detained or sanctioned for a post release control violation. Aside from general, conclusory statements that Murphy and Thompson were working with the ATF to suppress unspecified exculpatory evidence, Plaintiff does not allege facts suggesting that any of the Defendants denied him due process or subjected him to conditions of confinement which violated the Eighth Amendment.

Second, to the extent Plaintiff is contending he is innocent of the weapons charge and challenging the result of the post release control violation hearing, he cannot pursue his claim for damages.

In order to recover damages for allegedly unconstitutional conviction or imprisonment, a § 1983 Plaintiff must prove that the conviction or sentence has been reversed on direct appeal, overturned by a state governing body, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Generally, *Heck* is applied to cases involving unlawful imprisonment; however, it is also

-7-

applicable to parole revocation decisions and post release control violation sanctions that involve incarceration. *See Hurst v. Pribe*, No. 2:14-CV-2552, 2016 WL 1444241, at *3 (S.D. Ohio Apr. 13, 2016)(applying *Heck* to a challenge to a parole revocation decision); *Tillman v. Mausser*, No. 2:09-CV-904, 2011 WL 2181622 (S.D. Ohio June 2, 2011).

The precise factual basis for Plaintiff's claims is unclear. To the extent he is objecting to the fact that he was sanctioned for post release control violations, he must first demonstrate that this finding was overturned. He has not done so, and that claim cannot proceed.

Finally, Plaintiff asserts a number of state tort law claims against the Ohio Defendants. These Defendants claim they are immune from suit on these claims, stating that pursuant to R.C. §§ 9.86 and 2743.02(F), the Ohio Court of Claims must first determine whether they are entitled to personal immunity. Ohio Revised Code § 9.86 provides, in relevant part:

> no officer or employee shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

Ohio Revised Code § 2743.02(F) states:

> A civil action against an officer or employee...that alleges that the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code...

Federal courts, including this Court, therefore cannot exercise supplemental jurisdiction over state law claims against a state employee in his or her individual capacity until the Ohio Court of

Claims determines that the employee is not entitled to immunity under Ohio Revised Code § 9.86. *Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir. 1989); *Dodson v. Mohr*, No. 2:18-CV-908, 2018 WL 4518018, at *4 (S.D. Ohio Sept. 20, 2018); *Ojose v. Youngstown State Univ.*, No. 4:16CV2952, 2018 WL 1535286, at *9 (N.D. Ohio Mar. 29, 2018).

Plaintiff gives no indication that the Ohio Court of Claims issued such a decision. Accordingly, the Court lacks jurisdiction over Plaintiff's state law claims against Defendants in their individual capacity.

## IV. Conclusion

Accordingly, the Defendants' Motions to Dismiss (Doc. Nos. 5 and 8) are granted, the plaintiff's motions to dismiss (Docs. 7, 9) are denied, and plaintiff's claims are dismissed for lack of subject-matter jurisdiction and for failure to state a claim on which relief may be granted as provided herein.

The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ James G. Carr
Sr. U.S. District Judge